UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOMMY STINSON,

      Plaintiff,

v.                                                                                    CASE No. 8:06-CV-1575-T-26TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.

---

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[2] Because the Commissioner of Social Security improperly used the medical-vocational guidelines in determining that the plaintiff is not disabled, I recommend that the Commissioner's decision be reversed and the matter remanded for further consideration.

I.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted as the defendant in this suit.

[2] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

The plaintiff, who was forty-seven years old at the time of the administrative decision and who has completed the ninth grade (Tr. 12, 87), has worked primarily as a laborer (Tr. 12, 83, 308). He filed a claim for supplemental security income payments, alleging that he became disabled due to Paget's disease and bone disease (Tr. 82). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of degenerative joint disease, lumbar radiculopathy, facet joint disease, osteoarthritis, spinal stenosis, history of Paget's disease and chronic obstructive pulmonary disease (Tr. 17). He concluded that these impairments limited the plaintiff to light work, which requires the ability to stand, walk and sit for six hours in an eight-hour workday (Tr. 18, 20). The law judge determined further that the plaintiff has occasional postural limitations in climbing, balancing, stooping, kneeling, crouching and crawling (id.). He also ruled that the plaintiff must avoid fumes, odors, gases and poor ventilation (id.). In addition, the law judge restricted the plaintiff to simple repetitive job tasks due to his borderline I.Q. (id.). The law judge

concluded that with these limitations the plaintiff was unable to return to his past relevant work (Tr. 19, 20). However, he ruled, upon consideration of the medical-vocational guidelines, that the plaintiff could perform substantially a full range of unskilled light work (id.). Accordingly, the law judge decided on the basis of the guidelines that the plaintiff was not disabled (Tr. 20, 21). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

A. In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The law judge considered the plaintiff's claims under regulations designed to incorporate vocational factors into the determination of disability claims. Those regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

### III.

The plaintiff challenges the law judge's decision on two grounds. One of the plaintiff's arguments has merit and warrants reversal of the law judge's decision.

The plaintiff contends that the law judge erred when he relied upon the medical-vocational guidelines to determine the existence of work in the national economy that the plaintiff could perform, instead of employing a vocational expert for such a determination (Doc. 15, pp. 7-8). In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985).

In this case, the law judge's findings reflect three nonexertional impairments. Thus, the law judge found that, because the plaintiff had a borderline I.Q. (the assessment, more precisely, was borderline intellectual functioning (Tr. 278)), he was restricted to simple and repetitive tasks. This finding of a borderline I.Q. was based upon a psychological evaluation by Dr. William G. Kremper. Dr. Kremper stated the diagnostic impression of borderline intellectual functioning (Tr. 278), adding that the plaintiff's "motor speed in learning and carrying out tasks was likely to be significantly impaired" (Tr. 279).

In addition, the law judge found that the plaintiff "has occasional postural limitations in climbing, balancing, stooping, kneeling, crouching and crawling" (Tr. 18). Postural limitations are considered nonexertional limitations. 20 C.F.R. Part 404, Subpart P, Appendix 2, §200.00(e).

The law judge also found that the plaintiff "needs to avoid exposure to fumes, odors, gases and poor ventilation" (Tr. 18). Such environmental restrictions are nonexertional limitations. 20 C.F.R. Part 404, Subpart P, Appendix 2, §200.00(e).

Eleventh Circuit decisions establish that, in light of these three nonexertional limitations, the law judge could not rely upon the grids, but was required to employ a vocational expert. In Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989), a law judge found that the claimant had nonexertional limitations concerning performing complex tasks and tolerating extraordinary stress. The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the plaintiff was not disabled. The Eleventh Circuit concluded that this was reversible error. Quoting Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981)(emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do <u>unlimited</u> types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in <u>Marbury</u> v. <u>Sullivan</u>, 957 F.2d 837 (11th Cir. 1992). There, a law judge found that a claimant had a nonexertional limitation regarding working around unprotected heights or dangerous moving machinery. He concluded that the claimant could perform a wide range of light work and therefore it was unnecessary to call a vocational expert. The court of appeals reversed, citing the foregoing quotation from <u>Ferguson</u> v. <u>Schweiker</u> and <u>Allen</u> v. <u>Sullivan</u>. The court added (957 F.2d at 839)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do <u>unlimited</u> types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him from performing a wide range of light work. <u>Allen</u>, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. <u>Id</u>. It was therefore error to rely

upon the grids. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985).

See also Welch v. Bowen, 854 F.2d 436 (11th Cir. 1988).

It is appropriate to add that I was recently presented with this same issue. Childs v. Astrue, Case No. 8:06-CV-1250-T-TGW. I reversed the Commissioner's decision due to improper reliance on the grids (id., Doc. 22), and the Commissioner did not appeal that decision.

For these reasons, it was error for the law judge to use the grids rather than a vocational expert. Accordingly, a remand is warranted.

The plaintiff also argues that the law judge erred in rejecting his complaints of pain. With respect to this contention, the plaintiff asserts that the law judge misstated one item of evidence in making his credibility determination. In light of the prior conclusion that a remand is warranted, it is unnecessary to determine whether the misstatement constitutes reversible error.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required

evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

The law judge recognized the proper standard for evaluating subjective complaints (Tr. 17). Moreover, he provided a detailed assessment for his determination (Tr. 18). The plaintiff, however, criticizes the law judge for stating that the plaintiff engages in housekeeping when he testified to the contrary (Doc. 15, p. 10). It is doubtful that this misstatement would justify a reversal in light of the other factors set forth by the law judge in his credibility determination. In all events, this matter can be addressed further on remand.

IV.

For the foregoing reasons, the law judge erred in relying exclusively on the medical-vocational guidelines and in failing to obtain the testimony of a vocational expert concerning the jobs that the plaintiff could

perform in the national economy. I, therefore, recommend that the decision be reversed and the case remanded for further consideration.

       Respectfully submitted,

       *[signature: Thomas G. Wilson]*
       THOMAS G. WILSON
     UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 7, 2008

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).